## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW MEXICO

In re:

BARTHOLOMEW JOHN LALLY

       Debtor.                                    Case No. 20-11368-JS7

---

BARTHOLOMEW JOHN LALLY,

       Plaintiff,

vs.                                        Adv. No: _____

LUCRECE BORREGO,

       Defendant.

## COMPLAINT FOR INJUNCTIVE RELIEF, PUNITIVE DAMAGES, AND ATTORNEY'S FEES UNDER §362 FOR VIOLATION OF THE AUTOMATIC STAY, MISREPRESENTATION, DEFAMATION, LIBEL AND SLANDER

COMES NOW, Bartholomew John Lally ("Plaintiff" or "Lally"), by and through his attorney of record, Davis Miles McGuire Gardner, PLLC (Ron Holmes), and hereby states in support of his Complaint for Injunctive Relief, Punitive Damages and Attorneys' fees under §362 for Violation of the Automatic Stay, Misrepresentation, Defamation, Libel and Slander and Common Law Tort, and Plaintiff states the following:

### I. INTRODUCTION

1.     This is an action for injunctive relief, actual damages, punitive damages, and legal fees and expenses filed by the Plaintiff for the Defendant's willful, wanton and malicious publication of false statement to creditors of the Bankruptcy estate.

1

2.	With this action, Lally seeks to hold Defendant accountable for her tortious acts, to compel Defendant to retract the statements she has made and published, including any social media or websites, and/or compel Defendant to remove the statements so posted.

## II. JURISDICTION AND VENUE

3.	This Court has jurisdiction to consider the claims in this Complaint for Damages and for Injunctive and Declaratory relief pursuant to 28 U.S.C. § 1331, 1334 and 1337. The Court has the authority to enter a final order regarding this contested matter because it constitutes a core proceeding as contemplated by 28 U.S.C. § 157(b) (2)(A), (E), (G), (I), (J) and (0). Pursuant to Sections 1408, 1409, and 1391(b) of Title 28 of the United States Code, venue is proper in the District of New Mexico.

## III. PARTIES

4.	The Plaintiff is a natural person residing in Santa Fe County, New Mexico and is the Chapter 7 Debtor in the above styled and numbered case.

5.	Defendant Lucrece Borrego ("Defendant" or "Borrego"), upon information and belief, is a resident of Santa Fe County, New Mexico.

## IV. FACTUAL ALLEGATIONS

6.	Debtor filed for relief under Chapter 7 on July 6, 2020 under the above referenced cause number.   Lally initiated the above case by filing a voluntary petition under Chapter 7 and pursuant to 11 U.S.C. §301, an Order for Relief was effective on July 6, 2020.   Debtor filed his initial Schedules and Statements on July 6, 2020, listing Defendant Borrego as a general unsecured creditor on Schedule E/F.

7.	Defendant Borrego briefly dated Plaintiff but that relationship has ended.

2

8.      Defendant Borrego has asserted a pre-petition claim against the Debtor, the claim for which required Debtor was to repay money arising out of personal loan in which money, property, insurance, or services were the subject thereof and the same were used primarily for personal, family, or household purposes.

9.      On July 6, 2020, Debtor submitted his mailing matrix with this Court that provided Defendant Borrego's proper address as 78 Camino Pacifico, Santa Fe, New Mexico 87508.

10.     On July 8, 2020, the Bankruptcy Noticing Center ("BNC") mailed out the "Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors and Deadlines" (Official Form 9A) to all creditors, including Borrego and other parties based on the mailing matrix filed with this Court. This mailing constituted formal notice to Defendant of the above Chapter 7 Bankruptcy. This notice warned all creditors in conspicuous language, against violating the automatic stay pursuant to 11 U.S.C. §362. The United States Postal Service did not return the notice sent to the Defendant. The notice was not returned. If the United States Postal Service has not returned the notice, there is a presumption that the addressee received the notice mailed to it by the BNC.

11.     As of this writing, no action has been filed contesting the Debtor's right to a discharge of debts under 11 U.S.C. §523 or §727, and not grounds are believed to exist to support such an action.

12.     Borrego appeared at the regularly scheduled telephonic creditors meeting held on August 5, 2020 at 1:00 p.m.

13.     On August 10, 2020, Borrego sent a letter to Lally's parents, Brendan and Linda Lally which contains many false and misleading statements against Lally.

14.     Upon information and belief, Lally's ex-spouse Kristina Lally, who is a notice creditor because of her marriage to Lally within the last eight (8) years of the Petition and not a

3

creditor of the estate, has received the form letter. Plaintiff has no pending DSO obligation, rather receives child support from Kristina Lally who is in arrears.

15. Upon information and belief, other creditors of the case have received similar letters the purpose for which is to harass, intimidate and embarrass Lally because of his bankruptcy filing.

16. Other non-creditors of the case have received the form letter including a group called "La Liga"

17. While unintelligible in many respects, the purpose of the letter is to solicit creditors to join an unfiled Adversary Action to contest the discharge, which again, as of this writing has not been filed.

18. The letter falsely accuses Lally of "fraudulently transferred, concealed, or destroyed property that would have become property of the estate"; "knowingly made false statement in the bankruptcy paperwork or to the bankruptcy trustee at the 341 meeting of creditors"; "obtained credit under false pretenses"; "falsified financial documents used to support a credit request to inflate/deflate the debtor's worth"; "purchased items on existing credit with no intention of repaying the debt (this can be proven by showing the lack of an ability to pay at the time of purchase) and"; "charged expensive luxury items and took substantial cash advances shortly before filing for bankruptcy (this can date back to proven initial intent to file)" without any proof whatsoever.

19. Borrego also states "asked questions that he answered untruthfully under oath" without any proof whatsoever.

4

20.     Borrego states "…Lally is also under criminal investigation by the State of NM for an unassociated fraud case and has, by known personal associates, stated intentions to flee the State", again which is untrue, false and misleading and wholly fraudulent.

21.     No investigation has been conducted by Borrego to substantiate the false allegations against Lally despite the fact Defendant knows or should know that the information is false, and that Defendant knows or should know that her own statements published are false, misleading, inaccurate and fraudulent.

22.     Hereinafter all such false statements and information, published by the Defendants, or participated in by the Defendants, or adopted by the Defendants, or purported to be verified by the Defendants, is referred to as the "False Information".

23.     Lally is a Physicians Assistant and has a reputation in the medical and Santa Fe community.

## COUNT I – INJUNCTIVE RELIEF AGAINST DEFENDANT BORREGO

24.     Plaintiff realleges the allegations as contained in paragraphs 1 through 23 as if set out fully herein and further states:

25.     By the publication of the False Information, and upon reasonable belief, it is alleged that Defendant, willfully, wantonly and maliciously published false, disparaging, damaging and utterly outrageous false allegations to all of Lally's creditors and has published a Google drop box with false allegations.

26.     Borrego has created an email address entitled "stopbartlally@gmail.com" for the sole purpose of defaming Lally.

27.     Upon information and belief, Defendant published this False Information with intent to damage the reputation of Lally.

5

28.     In the alternative, in the event such intent to damage the reputation of Lally was not willful, such action was wanton and made with an utter disregard for the truth and the rights, business and interests of Lally, and Defendant either knew or should have known that such actions would result in substantial damage to reputation of Lally.

29.     Employers take precaution before conducting business with one another and hiring employees.   Defendant's statement were made for the purpose of causing damage to Lally's employment opportunities.

30.     Even if such publications are false, other receiving the communication are likely to see Lally with a "scarlet letter" against that his reputation in the medical and Santa Fe community.

31.     Every day Defendant's false statements exists without retraction is another day Lally's reputation suffers.

32.     Consequently, Defendant's publication has affected or will adversely affect Lally's business interest and reputation unless Defendant is ordered to retract and disavow her publication.

33.     Defendant's letter to Lally's ex-spouse is causing issues related the custody of his children and will be used by Lally's ex-spouse against him in family law court.   Defendant's transmittal to Kristina Lally can only be viewed for the purpose of harassment and embarrassment for it serve no other purpose, including solicitation to join a unfiled Adversary Action.

34.     A temporary restraining order and/or permanent injunction are warranted because there are no equally plain, adequate, and/or speedy remedies at law.

35.     Section 105(a) of the Bankruptcy Code authorizes the Court to issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

6

36.     Pursuant to 11 U.S.C. § 105(a), the Debtor is entitled to a Preliminary Injunction prohibiting Defendant from making false and misleading statements.

37.     The relief requested herein is necessary to protect Debtor's ability to seek employment in the Santa Fe community and to be free to effectively administer the underlying bankruptcy case.

38.     In the absence of entry of the requested injunctive relief, the Debtor will be imminently and irreparably harmed.

39.     A reasonable likelihood of success on the merits exists because the allegations in the letters are complete false, are conjecture and without merit.

40.     Plaintiff will suffer immediate and irreparable harm if Defendant is not enjoined from communicating, orally or in writing, with third parties regarding the false allegations claimed against Plaintiff.

41.     It is clear from the letter sent by Borrego that she is soliciting others to join in a action to contest the discharge.   While she may have the right to solicit others who may initiate an action against Plaintiff, she cannot do so while making false and misleading statements.   If others wish to initiate an action against Plaintiff they have been given the right to do so without Borrego's solicitation.

42.     If a balance of harm exists, then the balance favors Plaintiff.

43.     Pursuant to 11 U.S.C. § 105(a), Plaintiff is entitled to a Temporary Restraining Order and Preliminary Injunction prohibiting Defendant from false and misleading statements regarding Plaintiff.

WHEREFORE, Plaintiff respectfully requests this Court grant injunctive relief in Plaintiff's favor against Defendant Borrego, for a Temporary Restraining Order and Injunction prohibiting Defendant from making third party communications against Plaintiff and any such further relief as the Court deems just and proper.

## COUNT II – DAMAGES FOR VIOLATION OF THE AUTOMATIC STAY INCLUDING ATTORNEY'S FEES AND PUNITIVE DAMAGES

44.     Plaintiff realleges the allegations as contained in paragraphs 1 through 43 as if set out fully herein and further states:

45.     At all times material to this proceeding, the Defendant had actual knowledge of Plaintiff's Chapter 7 bankruptcy filing and appeared at the creditor's meeting held on August 5, 2020.

46.     Despite this actual knowledge, Defendant continues to take action to collect on the debt by soliciting third parties, including non-creditors, to join in the fictitious cause against Lally.

47.     Damages should be awarded in this case not only to compensate for the losses or injury presumed and sustained by Plaintiff, but also to coerce Defendant into compliance with the orders issued by this Bankruptcy Court and other bankruptcy courts in which Defendants may come into contact.

48.     An award of damages to cover the value of any loss, any out-of pocket expenses, including attorney's fees and costs incurred, and the value of the personal time of Plaintiff in having to deal with the conduct of actions of Defendant, and in having to participate in this adversary proceeding is required.

8

49.     Damages for the emotional and psychological distress that the Defendant's violations of the Court's orders and injunctions caused the Plaintiff are recoverable, because actual damages include non-financial harm to the Plaintiff as well as those of financial distress.

50.     Plaintiff's emotional distress is significant in that it is not and was not fleeting, inconsequential or trivial from the Plaintiff's perspective. This is evident from the fact that the filing of the Chapter 7 bankruptcy was the Plaintiff's attempt to alleviate the otherwise insurmountable social and economic problems he faced, as well as preserve the dignity he held for himself.   Continued collection efforts frustrate the effectiveness of the bankruptcy in that what was promised to him is left undelivered causing Plaintiff to return to the emotional distress that the Plaintiff originally intended to halt.

51.     This emotional distress is distinct from the anxiety and pressures inherent to filing a Chapter 7 bankruptcy in that the bankruptcy process was intended to take the pressure off of the Plaintiff from having to deal with these very actions and conduct of Defendant, and therefore the actions and conduct of Defendant cannot be deemed inherent in the bankruptcy process.

52.     Due to Defendant's conduct, Plaintiff was forced to hire counsel and their damages include reasonable attorney's fees incurred in prosecuting this claim.

53.     Since Defendant continues to harass Plaintiff, the damages are ongoing in nature. Defendants are liable for any and all future harm suffered by Plaintiff as a result of Defendant's conduct. The conduct of the Defendant has substantially frustrated the Order for Relief in this case and has cost Plaintiff unnecessary time, effort and expense in seeking to enforce his rights under the Code.

54.     Defendant has continued harassment and activity which can only be classified as willful.   Such willful attempts to collect a debt subject to the automatic stay is a violation of 11

9

U.S.C. §362(k)(1) and actual damages, including attorney's fees and costs, are appropriate under the circumstances.

55.     Because of the egregious conduct of Defendants, punitive damages was warranted under the circumstances and facts of the case under 11 U.S.C. §362(k)(1).

56.     With this prima facie showing, the duty is on Defendant to show, as the only defense, a present inability to comply with the order(s) and injunction(s) of the Court that goes beyond a mere assertion of inability. Failing a showing of a present inability to comply with the order(s) and injunction(s) of the Court by Defendants, Plaintiff must prevail and Defendants must be held liable for willfully violating the order(s) and injunction(s) of the Bankruptcy Court in regard to the bankruptcy filed by Plaintiff.

57.     Plaintiff have been injured and damaged by the Defendant's actions and is entitled to recover judgment against the Defendants for actual damages in an amount not less than $12,000.00, and punitive damages in an amount not less than $20,000.00, plus an award of costs and reasonable attorneys fees, for violations of 11 U.S.C. §362(k)(1), and pursuant to the Court's powers under 11 U.S.C. § 105.

WHEREFORE, Plaintiff respectfully requests this Court grant Debtor his damages as a result of Defendant Borrego's violation of the automatic stay and grant Debtor his reasonable attorney's fees under §362(k)(1), award punitive damages under §362(k)(1) for Borrego's willful violation of the automatic stay, and any such further relief as the Court deems just and proper.

## COUNT III – DEFAMATION PER SE

58.     Plaintiff realleges the allegations as contained in paragraphs 1 through 57 as if set out fully herein and further states:

59.     As discussed above, upon reasonable belief, Defendant published false and derogatory statements regarding Lally.

60.     Upon information and belief, Defendant knew that the statements she made were false and defaming in nature.

61.     Defendant published the knowingly false statements, to third parties including Lally's parents, about Lally and did so in a willful, wanton, malicious, reckless and negligent manner.

62.     The false statements made by Defendant constitutes defamation per se because such statements were intended to besmirch the reputation of Lally.

63.     Defendants' willful, wanton, malicious and outrageous conduct justifies the imposition of punitive damages in an amount sufficient to punish them for their wrongful conduct and to deter them and other defendants from such conduct in the future.

64.     Lally is entitled to all compensatory, general, consequential, and restitution damages stemming from the defamatory statements made by Defendant, including but not limited to, lost wages and damages associated with Lally's compromised business reputation in the marketplace.

WHEREFORE, Plaintiff respectfully requests this Court award damages for Defendant's wrongful statements in an amount to be proven at trial and any such further relief as the Court deems just and proper.

## COUNT IV – LIBEL AND SLANDER

65.     Plaintiff realleges the allegations as contained in paragraphs 1 through 64 as if set out fully herein and further states:

66.     The statements made by Defendant concerning Lally also constitute libel and slander.

67.     The statements made by Defendant concerning Lally were false.

68.     The statements made by Defendant concerning Lally were published to third parties, including Plaintiff's parents.

69.     The statements made by Defendants concerning Lally were unprivileged.

70.     The statements made by Defendant concerning Lally were made intentionally and/or negligently made.

71.     The statements made by Defendant concerning Lally are actionable because they caused special harm, namely damage to Lally's business reputation and loss of income and goodwill.

78.     As a direct and proximate cause of the foregoing, Lally has suffered special damages and presumed damages and continues to be damaged in an amount to be proven at trial, however, it is estimated that such damages exceed $5,000.00 per month.

79.     The false statements made by Defendant were willful, wanton, malicious and reckless and were made to intentionally harm Lally thereby entitling Lally to punitive damages.

WHEREFORE, Plaintiff respectfully requests this Court grant Debtor his damages as a result of Defendant Borrego's Libel and Slander and grant Debtor his reasonable attorney's fees and costs and award punitive damages for Borrego's willful actions and any such further relief as the Court deems just and proper.

12

Respectfully submitted,

**DAVIS MILES MCGUIRE GARDNER, PLLC**

By   <u>Electronically filed</u>
Ron Holmes
Attorney for Plaintiff
320 Gold SW, Suite 1401
Albuquerque, NM 87102
(505) 268-3999
(505) 243-6448   fax
rholmes@davismiles.com

13

Re: Monies Owed to You
August 10, 2020

Dear Brendan and Linda Lally,

**You may be entitled to payment** for outstanding debts and damages.

You are receiving this notice because you are listed as a creditor for a $90,000 "student loan" Bartholomew Lally who filed for discharge of all outstanding debts in Chapter 7 Bankruptcy in the State of New Mexico on July 6, 2020. You may view documents on pacer.gov Case No. 20-11368-j7 or at the link below.

Certain creditors object to the above bankruptcy case pursuant to 11 U.S.C. § 727(a) and 727 (c) and Rule 4004 of the Federal Rules of Bankruptcy Procedure, and allege that Mr. Lally:

- fraudulently transferred, concealed, or destroyed property that would have become property of the estate;
- knowingly made false statements in the bankruptcy paperwork or to the bankruptcy trustee at the 341 meeting of creditors;
- obtained credit under false pretenses;
- falsified financial documents used to support a credit request to inflate/deflate the debtor's worth;
- purchased items on existing credit with no intention of repaying the debt (this can be proven by showing the lack of an ability to pay at the time of purchase) and
- charged expensive luxury items and took substantial cash advances shortly before filing for bankruptcy (this can date back to proven initial intent to file)

On August 5 during the meeting of creditors Mr. Lally was asked questions that he answered untruthfully under oath. This may prove grounds to dismiss discharge and charge Mr. Lally with bankruptcy fraud. Written documentation from Mr. Lally states intention to finalize bankruptcy filing as of July, 2019. Any debts incurred after this time are non-dischargable.

An adversary proceeding is being prepared for dismissal of the bankruptcy case and charges of bankruptcy fraud. There is NO CHARGE for you to join the Adversary Proceeding as a co-plaintiff. If you do not wish to join yet, you may submit a statement of interest for updates on the case to the contact information provided below.
Mr. Lally is also under criminal investigation by the State of NM for an unassociated fraud case and has, by known personal associates, stated intentions to flee the State.

Sincerely,

Lucrece Borrego, Creditor

Exhibit 1

Contact: stopbartlally@gmail.com

https://drive.google.com/drive/folders/1mdL_xL1Afau0N9axsl5KGI8eonTOyLOW?usp=sharing