B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) FILED at 4:30 o'clock P M OCT 05 2020 United States Bankruptcy Court Albuquerque, New Mexico |
|---|---|
| **PLAINTIFFS** <br> Lucrece Borrego | **DEFENDANTS** <br> Bartholomew J Lally |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) <br> SELF- REPRESENTED | **ATTORNEYS** (If Known) <br> Ron Holmes |
| **PARTY** (Check One Box Only) <br> ☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin <br> ☒ Creditor ☐ Other <br> ☐ Trustee | **PARTY** (Check One Box Only) <br> ☒ Debtor ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor ☐ Other <br> ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF DEBT UNDER SECTION 523(a)(2) OF THE BANKRUPTCY CODE AND FOR DENIAL OF DISCHARGE UNDER SECTION 727(a) OF THE THE BANKRUPTCY CODE

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☒ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☒ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 7,188.9 |

**Other Relief Sought**

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>Lucrece Borrego || BANKRUPTCY CASE NO. 20-11368-JS7 ||
| DISTRICT IN WHICH CASE IS PENDING<br>New Mexico || DIVISION OFFICE | NAME OF JUDGE<br>Hon. Robert H. Jacobvitz |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) ||||
| DATE<br>October 5, 2020 || PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Lucrece Borrego ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

## UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW MEXICO

In re:

BARTHOLOMEW JOHN LALLY                                    Case No. 20-11368-JS7

(Debtor)

---

LUCRECE BORREGO (Creditor), Plaintiff,
vs.
BARTHOLOMEW JOHN LALLY (Debtor), Defendant,

## COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF DEBT UNDER SECTION 523(a)(2) OF THE BANKRUPTCY CODE AND FOR DENIAL OF DISCHARGE UNDER SECTION 727(a) OF THE THE BANKRUPTCY CODE

Lucrece Borrego, Plaintiff and Creditor, hereby states the following:

### 1. INTRODUCTION

1. The Defendant has engaged in a pattern of fraud and deceit that mandates dismissal of his bankruptcy petition without discharge and his debt to the Plaintiff be deemed nondischargeable. The Defendant has:
    a. fraudulently transferred, concealed, or destroyed property that would have become property of the estate;
    b. knowingly made false statements in the bankruptcy paperwork or to the bankruptcy trustee at the 341 meeting of creditors;
    c. obtained credit under false pretenses;
    d. falsified financial documents used to support a credit request to inflate/deflate the debtor's worth;
    e. purchased items on existing credit with no intention of repaying the debt (this can be proven by showing the lack of an ability to pay at the time of purchase) and
    f. charged expensive luxury items and took substantial cash advances shortly before filing for bankruptcy (this can date back to proven initial intent to file)

### II. JURISDICTION AND VENUE

1. This Court has the authority to enter a final order regarding this contested matter because it constitutes a core proceeding as contemplated by 28 U.S.C. § 157(b). Pursuant to Title 28 of the United States Code, venue is proper in the District of New Mexico.

## III. PARTIES

4. The Plaintiff, Lucrece Borrego ( ("Defendant" or "Borrego"), is a natural person residing in Santa Fe County, New Mexico and is a Creditor in the above styled and numbered case.

5. Defendant, Bartholomew Lally ("Defendant" or "Lally"), is a resident of Santa Fe County, New Mexico and is the Chapter 7 Debtor in the above styled and numbered case.

## IV. BACKGROUND INFORMATION

Plaintiff is Creditor of the Defendant by virtue of the following facts:

1. On July 31st, 2019, Lally accepted a "Business Loan" from Borrego of $2,500 for expenses related to Harvest Medical Group, a concierge medical practice for which Lally claimed to be Lead Partner, Director and Co-owner.
   a. Borrego had consulted on Harvest Medical Group's business plan, investor meetings and financial projections as a mentor to Lally and his partners and as a prospective investor experienced in startup investing. As such, Borrego was familiar with all aspects of the business and Lally's role.
2. On July 31st, 2019, Lally requested personal loans from Borrego for the purpose of "making ends meet" while he awaited promised capital for Harvest Medical Group to, per Lally, "close in the next few weeks." Lally pleaded with Borrego to help him with basic living expenses to "feed his children" and "keep the lights on" while he awaited additional funding. In an act of extreme generosity, Borrego agreed to lend Lally a personal debit card to help with basic living expenses for several weeks until his claimed impending funding was received. **Lally exploited this generosity by proceeding to charge thousands of dollars on luxury spending including extravagant meals and spa treatments over the course of the next month before Borrego received a notice from her card issuer and terminated the agreement.**
3. On October 8th, 2019, Lally communicated a written offer to begin payments to Borrego for the above loans.
4. When payments were not received, Borrego communicated intent to file suit, beginning communications with said counsel at the time, Jeremy Jones. Borrego agreed to accept $500 monthly payments. On November 23rd, communication was received from counsel that payments were to begin, accepting the provided total debt of $8,188.9, including a specific detail of all related charges.
5. On June 4, 2020, Borrego filed a Civil Complaint in the Santa Fe County Magistrate Court demanding payment of the $7,188.9 in outstanding debt owed to Borrego by Lally. Rather than responding to the Complaint in any manner of good faith, Lally awaited the exact date of the hearing set for the Civil Complaint in the Court to file for bankruptcy.

6. Borrego has personally participated in meetings of creditors and asked the Defendant questions which his answers directly contradicted previous statements and evidence.

## IV. FACTUAL ALLEGATIONS

1. The Plaintiff objects to discharge of the amounts owed to the Plaintiff under Section 523(a)(2) with documentation and testimony to prove that the Defendant:
   a. (A) obtained the debt by "false pretenses, a false representation, or actual fraud," and
   b. (B) provided materially false written statements about the debtor's and/or other insider's financial conditions.
2. Additionally, the Plaintiff seeks objection to the entire discharge under Section 727 with documentation and testimony to prove that the Defendant, with the intent to hinder and defraud creditors, officers of the estate and Bankruptcy trustee, has:
   a. (2) concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed-
      i. (A) property of the debtor, within one year before the date of the filing of the petition; or
      ii. B) property of the estate, after the date of the filing of the petition;
   b. (3) concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;

WHEREFORE, Plaintiff respectfully requests this Court denies discharge of debts owed to the Plaintiff and entire discharge. Plaintiff hopes that this Court will grant the Creditor reasonable compensation for filing and associated fees, and any compensation for her humble efforts at self-representation in the interest of not only herself but of all creditors involved and in hopes of defending the integrity of this Court and the entire Bankruptcy Code.

Respectfully submitted,

Lucrece Borrego, Plaintiff and Creditor